IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, | |
| Plaintiff, | CIVIL ACTION NO. 14-cv-02823 |
| v. | |
| WILLIAM J. FUHRMEISTER, d/b/a WILLIAM J. FUHRMEISTER AGENCY and ROBERT FELDMAN, | |
| Defendants, | |
| ------------------------------------------------- | TRANSFERRED CASE |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, | Case No. 1:15-cv-80916-RLR |
| Plaintiff, | From the United States District Court For the Southern District of Florida |
| v. | (Judge Robin L. Rosenberg) |
| HELENE REIBER, *et. al.* | |
| Defendants. | |

PAPPERT, J.                                                                                     September 17, 2015

MEMORANDUM

On January 13, 2015, North American Company for Life and Health Insurance ("North American") filed an Amended Complaint against William Fuhrmeister ("Fuhrmeister"), d/b/a William Fuhrmeister Agency, and Robert Feldman ("Feldman") (ECF No. 24). North American asserted several causes of action for breach of contract, breach of fiduciary duties, and fraud against its former agent Fuhrmeister regarding the sale of a life insurance policy to Arthur and Carole Cohn ("the Cohns"). *Id*. North American alleges it paid Fuhrmeister more than $100,000 in commissions based on his representation that he was the soliciting agent for the sale. *Id* at ¶ 3. During discovery, it was revealed that Feldman had actually taken the application from and

delivered the policy to the Cohns. (Plaintiff's Renewed Motion to Compel Helene Reiber's Deposition, ECF No. 48 at ¶ 4). Additionally, Fuhrmeister claimed that Feldman's then live-in girlfriend, Helene Reiber ("Reiber"), had actually been the soliciting agent for the sale of the policy to the Cohns. *Id*.

## I.

On June 22, 2015, North American issued a subpoena seeking to compel Reiber to produce documents and testify at a deposition purportedly scheduled for July 8, 2015. *Id* at ¶ 7. That same day, North American's counsel telephoned Reiber and discussed with her the document request and July 8 deposition date. *Id* at ¶ 8. Reiber confirmed the address for the subpoena, did not object to being served, and made no mention of being unavailable for her deposition. *Id*.

After several unsuccessful attempts to serve Reiber, counsel for North American tried to again contact her by phone. *Id* at ¶ 9. A woman claiming not to be Reiber said she would pass the message along. *Id*. Minutes after that call, North American's counsel received a call from Feldman. *Id* at ¶ 10. Feldman said that Reiber would not accept service or appear for her deposition. *Id*.

After being properly served with the subpoena on July 2, Reiber neither appeared for her July 8 deposition, nor produced any subpoenaed documents. *Id* at ¶ 14. North American filed its Renewed Motion to Compel Reiber's Deposition and for Sanctions (ECF No. 48) on August 7, 2015, serving a copy on Reiber by process server and electronic filing the same day. Reiber has not opposed the motion, which the Court could grant as uncontested under E.D.P.A. Local Rule 7.1(c). The Court is, however, denying North American's motion in part.

## II.

Federal Rule of Civil Procedure 45 provides the mechanism by which non-parties can be subpoenaed to give testimony and/or produce documents relevant to a pending matter. *Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d 788, 793 (E.D. Pa. 2012). Although there is no specific "relevancy" requirement in Rule 45, a Rule 45 subpoena is limited in scope by Federal Rule of Civil Procedure 26(b)(1). *Id*.; *see also*, Advisory Committee Notes to Fed. R. Civ. P. 26 and 45. Rule 45 additionally requires that "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Moreover, the Rules give federal courts the ability to compel compliance with subpoenas seeking relevant information. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996); *see also*, Fed. R. Civ. P. 37 and 45(g).

North American's subpoena sought information regarding the solicitation and purchase of the policy at issue in the litigation, the relationship between Reiber and the various Defendants, her role as soliciting agent, and any communications made involving any payments pertaining to the policy. (Pls.' Ren. Mot. To Comp. and for Sanct., ECF No. 48 at Ex. 4). Counsel for North American contacted Reiber offering to conduct the deposition at a time and place most convenient for Reiber. North American took reasonable steps to avoid imposing an undue burden on Reiber in seeking compliance with its subpoena. For these reasons, the Court grants North American's Motion to Compel Reiber's compliance with the subpoena to testify at a deposition and produce documents.

### III.

North American also seeks sanctions in the amount of $4,995.63 for attorney's fees and expenses incurred as a result of Reiber's failure to appear. (Pls.' Ren. Mot. To Comp. and for Sanct., ECF No. 48 at ¶ 22). Subsection (g) of Rule 45 provides that "The court…may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Reiber has provided no excuse for failing to comply with the subpoena. It is rare however in civil litigation for a Court to "use contempt sanctions without first ordering compliance with a subpoena." Fed. R. Civ. P. 45, Subsection (g) Advisory Committee Notes; *see also*, *Barnes Found. v. Twp. of Lower Merion*, No. CIV. A. 96-372, 1997 WL 169442, at *5 (E.D. Pa. Apr. 7, 1997), and *Yarus v. Walgreen Co.*, No. CIV.A. 14-1656, 2015 WL 4041955, at *4 (E.D. Pa. July 1, 2015).

The Court accordingly denies North American's request for sanctions without prejudice. The Court will consider a renewed motion for sanctions should Reiber fail to comply with this Opinion and Order.

BY THE COURT:

 /s/ Gerald J. Pappert
GERALD J. PAPPERT, J.